**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-21889-CIV-ALTONAGA**

ABEL CARVAJAL,

Plaintiff,

v.

JEANETTE M. NUÑEZ, in her individual and official capacity as President of Florida International University,

Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET HEARING ON AMENDED "EMERGENCY" MOTION FOR PRELIMINARY INJUNCTION**

Defendant Jeanette M. Nuñez, the President of Florida International University, hereby opposes Plaintiff's request to set a hearing date on his motion for preliminary injunction (ECF No. 17), which Plaintiff has improperly designated as an "emergency" motion. Plaintiff's motion to set a hearing should be denied because (a) his "emergency" preliminary injunction motion violates in multiple ways this Court's local rule for emergency motions and does not qualify as such a motion; (b) Plaintiff has not shown good cause for an immediate or expedited hearing; and (c) considering setting a hearing would be premature given the early stage of the ongoing proceedings at FIU.

**BACKGROUND**

Plaintiff is a 3L at FIU College of Law. Compl. ¶ 3 (ECF No. 1). FIU recently commenced a student conduct process against Plaintiff relating to his alleged role in "creat[ing] and manag[ing] a group chat where individuals posted statements threatening to harm others." Ltr. from D. Parra, Asst. Dean of Students, Student Conduct & Acad. Integrity, FIU, to A. Carvajal at 1 (Mar. 11,

2026) (ECF No. 1, Ex. 1) ("Parra Ltr.").[1] On March 26, Plaintiff met with FIU's Office of Student Conduct and Academic Integrity to discuss the process going forward. No hearing date has been scheduled in his case. A hearing is likely to be held in mid-April. Meanwhile, Plaintiff remains enrolled at the law school. He is able to take classes and make progress toward graduation.

Plaintiff filed his Complaint in this action on March 23, 2026 (ECF No. 1). On March 25, Plaintiff filed an Emergency Motion for Preliminary Injunction (ECF No. 9). The motion was denied by the Court the next day because Plaintiff had "not filed proof of service on Defendant, nor ha[d] he indicated that Defendant has received notice of the Complaint or Motion." Order 1–2 (ECF No. 10). On March 26, Plaintiff filed his Amended Emergency Motion for Preliminary Injunction (ECF No. 11). On March 27, Plaintiff filed his Motion to Set Hearing on Amended Emergency Motion for Preliminary Injunction (ECF No. 17).

## ARGUMENT

Plaintiff's request to set an early hearing date for his "emergency" motion for a preliminary injunction should be denied for several reasons.

1. Plaintiff's preliminary injunction motion—presented by him as an "emergency" motion—does not comply with this Court's rule for emergency motions, Local Rule 7.1(d), because it does not include the required certification of a "true emergency." Specifically, Plaintiff's counsel did not certify that "After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need

[1] After interviewing Plaintiff Carvajal, the *Miami Herald* reported: "When he opened WhatsApp on his phone and scrolled up to the conversations last fall while on a call with a Herald reporter, Carvajal said he was shocked by the gruesome calls for violence against Black people. 'It's been five months since this was sent and this is the first time I've seen this message,' Carvajal said. 'I guess to an extent, I bear some responsibility, cause I created a chat.'" Claire Heddles, *'Nazi heaven': Inside Miami campus Republicans' racist group chat*, Miami Herald (Mar. 16, 2026), https://tinyurl.com/jsx5cy4n. "'My biggest regret is that in doing that, I facilitated this kind of deranged stuff being out there,' Carvajal said. 'I'm at a loss of words.'" *Id*.

only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions." S.D. Fla. Loc. R. 7.1(d)(1). Plaintiff's designation of his motion as an "emergency" also violated Local Rule 7.1(d)(1) for the separate reason that the motion failed to state "the date by which a ruling is necessary, and the reason a ruling is needed by the stated date." *Id*.

2. Even if Plaintiff had complied with those requirements, Plaintiff's preliminary injunction motion still would not qualify as an emergency motion because Plaintiff has not shown that "the Court would not be able to provide meaningful review" after seven days. *Id*. Nor has Plaintiff shown that his motion will become moot in seven days. *See id*. ("Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion.").

3. Plaintiff has not demonstrated good cause for an early hearing. Local Rule 7.1(d) provides that, "for good cause shown," the Court may grant "an immediate or expedited hearing on any matter requiring such expedited procedure." *Id*. Here, there is no "emergency" that demands an expedited hearing. Plaintiff is currently engaged in the student conduct process at FIU, but he has not been disciplined or punished in any way. Rather, he is entitled to and is receiving "[a] presumption that no violation occurred." Parra Ltr. at 2. Plaintiff is still enrolled at the law school, able to take classes, and may make progress toward graduation. And no hearing date has been set in his student conduct case.

It would be premature to consider scheduling a hearing before the student conduct process has run its course. *See The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co*., No. 18-21467-CIV-ALTONAGA/Goodman, 2018 WL 8359643, at *3 (S.D. Fla. July 18, 2018) ("The

ripeness doctrine seeks to avoid entangling courts in the hazards of premature adjudication. … A claim that rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all is not ripe." (cleaned up)). Plaintiff's motion to set hearing reflects the prematurity of the motion. It notes that "[t]he disciplinary process *remains active*" and refers to "the *prospect* of a final hearing and *potential* sanctions" therefrom. Mot. ¶ 4 (ECF No. 17) (emphases added).

Plaintiff also claims irreparable injury from "the chilling of protected speech." *Id.* ¶ 3. But "'[a]llegations of a subjective chill' alone are not enough" to establish "imminent injury from a chilling effect[.]" *Isle of Dreams, LLC v. City of North Bay Village*, 513 F. App'x 917, 920–21 (11th Cir. 2013) (quoting *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972)); *see also Students for Just. in Palestine at Univ. of Fla. v. Rodrigues*, No. 1:23-cv-275-MW/MJF, 2024 WL 2705566, at *2 (N.D. Fla. Feb. 1, 2024) ("Plaintiff's conclusory allegations of chill do not suffice."). Here, Plaintiff has offered no facts supporting his conclusory allegation of chilled speech.

## CONCLUSION

This Court should deny Plaintiff's request to set a hearing on his improperly-designated and non-compliant "emergency" motion for preliminary injunction. The Court should instead grant Defendant's separately filed motion to schedule the due dates for Defendant's response to the preliminary injunction motion and her response to Plaintiff's complaint.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Edward H. Trent*
Edward H. Trent (FBN 957186)
etrent@schaerr-jaffe.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci (*pro hac vice*)
cbartolomucci@schaerr-jaffe.com
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

*Counsel for Defendant Jeanette M. Nuñez in her official capacity as President of Florida International University*

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
Telephone: (850) 270-5938
mjazil@holtzmanvogel.com

*Counsel for Defendant in her individual capacity*

**LOCAL RULE 7.1(C) CERTIFICATION**

I certify that the parts of this Memorandum that count toward the page limitation do not exceed twenty pages.

*/s/ Edward H. Trent*
Edward H. Trent