**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21889-CIV-ALTONAGA**

**ABEL CARVAJAL**, *et al.*,

      Plaintiffs,

v.

**JEANETTE M. NUÑEZ**,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record.  On April 3, 2026, Plaintiffs Abel Carvajal, Dariel Gonzalez, Dante Mojena, Ethan Ratchkauskas filed an Amended Emergency Motion for Preliminary Injunction . . . [ECF No. 30], asking the Court to enjoin Defendant, Jeanette M. Nuñez from investigating, charging, adjudicating, sanctioning, or otherwise enforcing Florida International University's ("FIU['s]") Student Conduct and Honor Code against Plaintiffs based on their speech at issue in this case.  (*See id.* 2).[1]  Defendant Nuñez is sued in her official capacity and in her individual capacity for allegedly violating Plaintiffs' First Amendment rights, under 42 U.S.C. section 1983.  (*See generally* Am. Verified Compl. [ECF No. 29]).  Defendant has now moved to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for relief under Rule 12(b)(6).  (*See generally* Motion to Dismiss [ECF No. 34]).

To be entitled to a preliminary injunction, Plaintiffs must show a substantial likelihood of success on the merits of their claims and a substantial threat of irreparable injury.  *See, e.g.*, *Palmer*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-21889-CIV-ALTONAGA

*v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citation omitted). Threshold questions that must be addressed and answered in exploring Plaintiffs' likelihood of succeeding on the merits of their claims and any claimed, irreparable injury include: whether Plaintiffs' claims are not ripe given their student conduct cases at FIU have not concluded but are ongoing; whether Plaintiffs have Article III standing where they have not suffered an injury in fact; whether Plaintiffs have stated First Amendment claims, as their allegation that their speech occurred in a private, off-campus chat group does not make the speech *per se* immune from regulation or discipline by a university-defendant; and whether Defendant is entitled to qualified immunity. (*See* Def.'s Mot. 6). These are all issues raised in Defendant's Motion that must necessarily be resolved before any request for injunctive relief — requiring a showing of likelihood of success on the merits and irreparable harm — is entertained.

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Amended Emergency Motion for Preliminary Injunction . . . **[ECF No. 30]** is **DENIED without prejudice**. Plaintiffs may renew their request for injunctive relief in the event the Court denies Defendant's Motion [ECF No. 34].

2. Defendant, Jeanette M. Nuñez's Motion to Advance the Date of Plaintiffs' Response to Defendant's Motion to Dismiss . . . **[ECF No. 35]** is **DENIED**.

3. Defendant's Motion to Deny Plaintiffs' "Emergency" Motion for Preliminary Injunction for Failure to Comply with Rule 7.1, or to Strike Emergency Designation . . . **[ECF No. 36]** is **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2026.

CECILIA M. ALTONAGA
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3