# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21889-CIV-ALTONAGA/Reid
CASE NO. 26-22053-CIV-ALTONAGA/Lett
CASE NO. 26-22154-CIV-ALTONAGA/Lett
CASE NO. 26-22161-CIV-ALTONAGA/D'Angelo

ABEL CARVAJAL,
      Plaintiff,

v.

JEANETTE M. NUÑEZ,
      Defendant.

_____/

DARIEL GONZALEZ,
      Plaintiff,

v.

JEANETTE M. NUÑEZ,
      Defendant.

_____/

ETHAN RATCHKAUSKAS,
      Plaintiff,

v.

JEANETTE M. NUÑEZ,
      Defendant.

_____/

DANTE MOJENA,
      Plaintiff,

v.

JEANETTE M. NUÑEZ,
      Defendant.

_____/

## SECOND AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C. § 1983

1

Plaintiffs Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante Mojena (collectively, "Plaintiffs") sue Defendant Jeanette M. Nuñez, in her individual and official capacity as President of Florida International University ("FIU"), and allege:

## INTRODUCTION

1. FIU filed student-conduct charges against several FIU students arising from an off-campus, private group chat that contained controversial speech. Plaintiffs allege that FIU, after publicly announcing that it "will not accept, tolerate, or condone any form of racism and antisemitism at FIU," initiated and pursued disciplinary proceedings against them because of the content and perceived viewpoint of speech in that private chat.

2. Plaintiff Abel Carvajal, a law student at FIU, was charged under FIU-2501 section 1.5.ii for "Assisting" based on allegations that he created and managed the group chat where others posted statements threatening to harm others.

3. Plaintiff Dariel Gonzalez, a student at FIU, was charged under FIU-2501 based on statements he allegedly posted in the group chat.

4. Plaintiff Ethan Ratchkauskas, a student at FIU, was charged under FIU-2501 based on statements attributed to him in the group chat, including allegations construed by FIU as personal abuse, assisting, and endangerment.

5. Plaintiff Dante Mojena, a student at FIU, was charged under FIU-2501 for allegedly participating in the group chat and threatening to harm others.

6. The disciplinary charges and resulting sanctions are based solely on legally protected speech, and FIU's actions therefore constitute content- and

viewpoint-based punishment of protected expression in violation of the First Amendment.

7. This action is filed because FIU's disciplinary actions and sanctions chill Plaintiffs' speech. See Speech First, Inc. v. Cartwright, 32 F.4th 1110 (11th Cir. 2022).

8. Since the filing of the Amended Complaint, all four Plaintiffs have completed FIU's internal disciplinary and appellate process. Plaintiffs Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante Mojena each filed an internal appeal of FIU's disciplinary decision, and FIU denied all four appeals.

9. The final remaining FIU appeal has now been denied. Accordingly, it is now official that all four Plaintiffs appealed FIU's disciplinary decisions and all four appeals were denied.

10. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal. Instead, Plaintiffs will continue pursuing their federal constitutional claims in this Court.

11. FIU's internal disciplinary and appellate process is therefore complete as to all four Plaintiffs, and this matter is ripe for adjudication. Plaintiffs continue to suffer ongoing constitutional, academic, reputational, and First Amendment injuries as a result of FIU's disciplinary decisions and resulting sanctions.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to these claims occurred within this District.

**PARTIES**

14. Plaintiff Abel Carvajal is a law student at Florida International University residing in Miami-Dade County, Florida.

15. Plaintiff Dariel Gonzalez is a student at Florida International University residing in Miami-Dade County, Florida.

16. Plaintiff Ethan Ratchkauskas is a student at Florida International University residing in Miami-Dade County, Florida.

17. Plaintiff Dante Mojena is a student at Florida International University residing in Miami-Dade County, Florida.

18. Defendant Jeanette M. Nuñez is the President of FIU and is sued in her official capacity for declaratory and injunctive relief.

19. Defendant Nuñez is also sued in her individual capacity for declaratory and injunctive relief, and damages, for directing staff to punish Plaintiffs in response to their alleged viewpoints expressed in the group chat.

20. FIU is a public university and an arm of the State of Florida operating in Miami-Dade County, Florida.

4

**FACTS**

21. On March 31, 2026, this Court consolidated Case Numbers 26-21889-CIV, 26-22161-CIV, 26-22053-CIV, and 26-22154-CIV for all purposes and directed Plaintiffs to file an amended consolidated complaint on or before April 3, 2026.

22. During the Fall 2025 semester, FIU received reports concerning a private group chat involving Plaintiffs and others, in which participants posted controversial and allegedly offensive political speech.

23. The alleged speech at issue occurred in a non-curricular, private group chat and was not part of any official University program or classroom instruction. It did not occur in a University forum or University-sponsored event.

24. FIU's Student Conduct and Honor Code, FIU-2501, provides that nothing in the regulation should be interpreted to abridge the rights of any member of the University community under the United States or Florida Constitution, including freedom of expression protected by the First Amendment.

25. On March 10, 2026, President Nuñez publicly announced that FIU had reviewed more than 1,200 pages of evidence concerning the private group chat and had initiated charges based on alleged violations of the University's non-discrimination regulation and Student Code of Conduct, including alleged harassment, engaging in threats, and interfering with the rights of others, with potential consequences up to suspension or expulsion.

26. The President's March 10, 2026 statement further declared that the FIU administration and Board of Trustees "will not accept, tolerate, or condone any form of racism and antisemitism at FIU."

27. Plaintiffs allege that the University's initiation, pursuit, adjudication, and enforcement of disciplinary charges and sanctions against them for off-campus, private speech reflects viewpoint discrimination and punishment of speech based on content, thereby chilling Plaintiffs' and other students' First Amendment rights.

28. Plaintiffs face disciplinary sanctions, reputational injury, academic interruptions, and restrictions on participation in University life. Plaintiffs' speech has been chilled by the disciplinary process and resulting sanctions.

29. Although the group chat contained crude, offensive, and controversial remarks, Plaintiffs allege that the chat contained no illegal speech and no category of unprotected speech such as true threats, incitement, or fighting words.

30. Plaintiff Carvajal received a charge letter dated March 11, 2026 alleging that, during Fall 2025, he "created and managed a group chat where individuals posted statements threatening to harm others" and charging him with FIU-2501 section 1.5.ii, "Assisting - Any affirmative act which aids, attempts, promotes, conceals, or facilitates any act prohibited by this Code."

31. Carvajal's March 11, 2026 charge letter directed him to attend an Information Session on March 17, 2026 at 4:00 p.m. via Zoom and described his rights

6

within the student-conduct process, including notice, a presumption of no violation, and a fair and impartial hearing.

32. Plaintiffs allege that FIU sought to punish Carvajal not for unprotected conduct, but for his alleged role as a monitor and participant in the private group chat. Plaintiffs further allege that monitoring the chat and receiving information within it is itself protected activity under the First Amendment.

33. Plaintiff Gonzalez received a March 2026 charge letter alleging that, during Fall 2025, he posted in the group chat and directing him to attend an Information Session via Zoom.

34. The statements Gonzalez alleges were cited as the basis of his disciplinary complaint include alleged offensive and controversial remarks concerning race, ethnicity, and religion. Plaintiffs allege those statements, while offensive, were not true threats, incitement, or fighting words.

35. Plaintiff Ratchkauskas received a charge letter dated March 5, 2026 alleging that he was involved in the group chat and attributing to him, among other statements, remarks FIU construed as threats. These remarks were made in a humorous and hyperbolic context, and no student or participant understood them as literal statements; rather, they were recognized as exaggerated, over-the-top language intended in jest.

36. Ratchkauskas was charged under FIU-2501 with Personal Abuse, Assisting, and Endangerment, and was directed to attend an Information Session on March 10, 2026. On March 24, 2026, FIU provided him with his case file and

resolution options, including summary resolution, administrative hearing, and a Student Conduct Committee hearing.

37. Mojena received a charge letter dated March 11, 2026 alleging that he participated in a group chat where he threatened to harm others and charging him under FIU-2501 section 5.xx.i, Personal Abuse.

38. Mojena's charge letter directed him to attend an Information Session on March 18, 2026 at 1:00 p.m. via Zoom. FIU also sent Mojena a March 10, 2026 Office of Civil Rights letter stating that he may have participated in or been a witness to behavior that could implicate FIU-106, the nondiscrimination, harassment, and retaliation regulation.

39. Plaintiffs allege that none of the statements made by any participant in the group chat constituted true threats within the meaning of the First Amendment, and that FIU lacks a lawful basis to regulate Plaintiffs' off-campus, non-curricular expression in a private forum absent a recognized category of unprotected speech.

40. Plaintiffs further allege that their speech did not cause a substantial disruption at FIU.

41. Following FIU's disciplinary proceedings, FIU issued disciplinary decisions against all four Plaintiffs.

42. Each Plaintiff filed an internal appeal of FIU's disciplinary decision.

43. FIU denied the internal appeals of Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante Mojena.

44. The final appeal was denied on June 24, 2026.

45. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal.

46. Plaintiffs will instead continue pursuing their federal constitutional claims in this Court.

47. FIU's internal disciplinary and appellate process is complete as to all four Plaintiffs.

48. Because all four internal appeals have been denied and Plaintiffs have elected not to seek discretionary certiorari review in Florida state court, Plaintiffs' claims are now ripe for adjudication in this Court.

49. Plaintiffs continue to suffer ongoing constitutional, academic, reputational, and First Amendment injuries as a result of FIU's completed disciplinary decisions and resulting sanctions.

## COUNT I
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against Defendant Jeanette M. Nuñez in Her Official Capacity

50. Plaintiffs reallege and incorporate paragraphs 1 through 49 as if fully set forth herein.

51. Defendant Nuñez, in her official capacity as President of FIU, acts under color of state law.

52. Plaintiffs engaged in speech protected by the First Amendment.

53. Defendant, in her official capacity, has enforced and continues to enforce FIU disciplinary authority against Plaintiffs based on the content and viewpoint of their off-campus, private speech.

54. The challenged enforcement and sanctions burden and chill protected expression in violation of the First Amendment. See Speech First, Inc. v. Cartwright, 32 F.4th 1110 (11th Cir. 2022).

55. None of the statements at issue constitutes unprotected true threats. See Counterman v. Colorado, 600 U.S. 66, 72 (2023).

56. Defendant Nuñez, in her official capacity, has a sufficient connection to the challenged disciplinary process and authority to implement prospective relief.

57. Plaintiffs face an ongoing violation of their constitutional rights, including disciplinary sanctions, academic harm, reputational harm, and continued suppression and chilling of protected speech.

58. Plaintiffs are entitled to declaratory and prospective injunctive relief against Defendant Nuñez in her official capacity.

## COUNT II
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against Defendant Jeanette M. Nuñez in Her Individual Capacity

59. Plaintiffs reallege and incorporate paragraphs 1 through 49 as if fully set forth herein.

60. Defendant Nuñez, in her individual capacity, acted under color of state law.

61. Plaintiffs engaged in speech protected by the First Amendment.

62. Defendant Nuñez personally participated in, directed, authorized, ratified, or was causally connected to the decision to investigate, charge, adjudicate, sanction, and punish Plaintiffs based on the content and viewpoint of their speech.

10

63. Defendant Nuñez's conduct caused the deprivation of Plaintiffs' clearly established First Amendment rights.

64. At the time of Defendant Nuñez's actions, it was clearly established that state officials may not punish or retaliate against private citizens or students for protected speech based on viewpoint or protected expression.

65. As a direct and proximate result of Defendant Nuñez's conduct, Plaintiffs suffered and continue to suffer constitutional injury, emotional distress, reputational harm, academic harm, and other damages.

66. Defendant Nuñez went beyond the mere execution of her official duties and personally directed, approved, and took a personal interest in the investigation and disciplinary actions against Plaintiffs.

67. Defendant Nuñez has issued multiple public statements and press releases regarding the incidents at issue and has been directly and personally involved in promoting and advancing policies aimed at suppressing the speech of Plaintiffs.

68. Defendant Nuñez is liable to Plaintiffs for damages in her individual capacity under 42 U.S.C. § 1983.

**COUNT III**
**Violation of Procedural Due Process**
**42 U.S.C. § 1983**
**Against Defendant Florida International University**
**On Behalf of Plaintiff Dariel Gonzalez Only**

69. Plaintiff Dariel Gonzalez realleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

70. Defendant Florida International University is a public university and state actor.

71. Plaintiff Dariel Gonzalez possesses protected liberty and property interests in his continued education, academic standing, reputation, transcript, and ability to participate in University life free from arbitrary and unsupported discipline.

72. As part of its disciplinary decision, FIU found Gonzalez responsible for "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol."

73. FIU's finding was not supported by substantial evidence. FIU did not possess competent evidence that Gonzalez actually controlled or operated any mode of transportation while impaired by alcohol.

74. Instead, FIU relied primarily upon alleged statements made in a private off-campus group chat and treated those statements as proof that the underlying conduct occurred.

75. A joking or hyperbolic statement made in a private group chat, without competent evidence that Gonzalez actually controlled or operated a mode of transportation while impaired by alcohol, cannot constitutionally support a disciplinary finding that he committed that offense.

76. FIU's disciplinary finding was arbitrary, unsupported by substantial evidence, and deprived Gonzalez of due process of law.

77. As a direct and proximate result of FIU's conduct, Gonzalez suffered and continues to suffer academic harm, reputational harm, transcript consequences, emotional distress, and other damages.

78. FIU is liable to Plaintiff Dariel Gonzalez under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

(a) A declaration that Defendant's initiation, pursuit, adjudication, sanctioning, and continued enforcement of student-conduct charges and sanctions against Plaintiffs for their off-campus, private speech, including the application of FIU-2501 as alleged herein, violates the First Amendment;

(b) A preliminary and permanent injunction enjoining Defendant from enforcing disciplinary sanctions against Plaintiffs for the off-campus, private speech at issue, and from otherwise enforcing FIU-2501 to penalize protected expression in similar circumstances;

(c) Damages;

(d) An award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(e) Such other and further relief as the Court deems just and proper.

13

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## VERIFICATION

Under penalties of perjury, each Plaintiff declares that he has read the

foregoing document and that the facts stated therein are true.

/s/ *Abel Carvajal*
Abel Carvajal

/s/ *Dariel Gonzalez*
Dariel Gonzalez

/s/ *Ethan Ratchkauskas*
Ethan Ratchkauskas

/s/ *Dante Mojena*
Dante Mojena

Dated: June 24, 2026

Respectfully submitted,

/s/ Anthony F. Sabatini
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
Lead Counsel for Plaintiffs

/s/ Gavin B. Rollins
GAVIN B. ROLLINS, ESQ.
Florida Bar No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Avenue
Mount Dora, Florida 32757
Telephone: (352) 328-4892
Co-Counsel for Plaintiffs

14