**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-21889-CIV-ALTONAGA/Reid
CASE NO. 26-22053-CIV-ALTONAGA/Lett
CASE NO. 26-22154-CIV-ALTONAGA/Lett
CASE NO. 26-22161-CIV-ALTONAGA/D'Angelo

ABEL CARVAJAL,
     Plaintiff,
v.

JEANETTE M. NUÑEZ,
     Defendant.
_____/

DARIEL GONZALEZ,
     Plaintiff,
v.

JEANETTE M. NUÑEZ,
     Defendant.
_____/

ETHAN RATCHKAUSKAS,
     Plaintiff,
v.

JEANETTE M. NUÑEZ,
     Defendant.
_____/

DANTE MOJENA,
     Plaintiff,
v.

JEANETTE M. NUÑEZ,
     Defendant.
_____/

## <u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiffs Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante

Mojena respectfully move for a preliminary injunction enjoining Defendants

1

from enforcing disciplinary sanctions imposed against Plaintiffs based on their private, off-campus speech. In support, Plaintiffs state:

### INTRODUCTION

This case is now ripe. FIU's internal disciplinary and appellate process is complete. All four Plaintiffs appealed FIU's disciplinary decisions. All four appeals were denied. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal. Plaintiffs will instead continue pursuing their federal constitutional claims in this Court.

FIU's sanctions remain in effect and continue to injure Plaintiffs every day. Plaintiffs remain subject to discipline arising from private, off-campus group-chat speech. FIU has punished Plaintiffs for speech that, however crude, offensive, controversial, or unpopular, is protected by the First Amendment. FIU's actions have chilled Plaintiffs' speech, caused self-censorship, disrupted their education, damaged their reputations, and burdened their ability to participate in University life.

Plaintiff Dariel Gonzalez also seeks relief because FIU found him responsible for "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol," even though FIU lacked competent evidence that he actually controlled or operated any mode of transportation while impaired by alcohol. FIU instead treated alleged joking speech in a private group chat as proof of actual misconduct. That is arbitrary, unsupported, and violates due process.

Because Plaintiffs are suffering ongoing constitutional, academic, reputational, and practical harm, preliminary injunctive relief is necessary.

### EMERGENCY NATURE OF THE MOTION.

This Motion is filed on an emergency basis because Defendants continue to violate Plaintiffs' First Amendment rights by enforcing the challenged disciplinary sanctions, causing ongoing irreparable harm through chilled speech and self-censorship.

### FACTUAL BACKGROUND

Plaintiffs are students at Florida International University. During the Fall 2025 semester, FIU received reports concerning a private group chat involving Plaintiffs and others. The alleged speech occurred outside the classroom, outside any official University program, outside any University-sponsored event, and outside any University forum.

FIU initiated disciplinary proceedings against Plaintiffs based on alleged statements in that private group chat. President Jeanette M. Nuñez publicly announced that FIU had reviewed more than 1,200 pages of evidence and that FIU would not "accept, tolerate, or condone any form of racism and antisemitism at FIU."

Plaintiffs allege that FIU's disciplinary actions were based on the content and perceived viewpoint of speech in the private group chat. Plaintiffs further allege that the statements at issue did not constitute true threats, incitement, fighting words, or any other category of unprotected speech.

3

FIU issued disciplinary decisions against all four Plaintiffs. Each Plaintiff filed an internal appeal. FIU denied all four appeals. The final appeal was denied on June 24, 2026. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal.

FIU's sanctions remain operative. Plaintiffs continue to suffer ongoing constitutional injury, academic harm, reputational harm, self-censorship, and chilled speech.

As to Plaintiff Dariel Gonzalez, FIU found him responsible for, among other things, "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol." FIU imposed sanctions including suspension through May 11, 2028, a transcript notation during the suspension period, administrative withdrawal from coursework, loss of credit hours, completion of a THC 101 drug education course, an alcohol reflection paper, and a podcast reflection.

## LEGAL STANDARD

A preliminary injunction is appropriate where the movant establishes: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017).

## ARGUMENT

## I. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS.

**A. FIU punished protected private, off-campus speech.**

Public universities are bound by the First Amendment. *Healy v. James*, 408 U.S. 169, 180 (1972). Students do not lose constitutional protection for speech merely because they attend a public educational institution. *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969).

The Supreme Court has made clear that even offensive student speech is protected where it does not fall within a recognized category of unprotected speech. *Papish v. Bd. of Curators of Univ. of Mo.*, 410 U.S. 667, 670 (1973). The Supreme Court has also emphasized that schools have diminished authority over off-campus speech. *Mahanoy Area Sch. Dist. v. B.L.*, 594 U.S. 180, 188–90 (2021).

Here, FIU punished Plaintiffs for alleged speech in a private, off-campus group chat. The speech did not occur in class, did not occur during an official University function, did not occur in a University-sponsored forum, and did not cause a substantial disruption at FIU. FIU may dislike the content of the speech. FIU may consider the speech offensive. But the First Amendment does not permit a public university to punish protected speech merely because administrators disapprove of its message.

**B. FIU's discipline is content- and viewpoint-based.**

FIU's own actions show that Plaintiffs were punished because of the content and perceived viewpoint of the speech. FIU publicly framed the matter as involving racism and antisemitism. FIU then imposed discipline based on alleged statements in the private group chat.

Government action targeting speech because of its message, subject matter, or viewpoint is presumptively unconstitutional. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828–29 (1995). That principle applies with full force to public universities. *Healy*, 408 U.S. at 180.

The disciplinary sanctions here were not neutral enforcement actions. They were punishment for speech because of what Plaintiffs allegedly said and the viewpoint FIU attributed to them. Plaintiffs are therefore likely to succeed on their First Amendment claim.

## C. FIU cannot avoid the First Amendment by labeling protected speech as threatening.

FIU characterized portions of the private group-chat speech as threatening or endangering. But whether speech constitutes a true threat is a constitutional question. *Counterman v. Colorado*, 600 U.S. 66, 72 (2023). The First Amendment requires more than administrative discomfort, outrage, or speculation.

Plaintiffs allege that the statements at issue were crude, offensive, exaggerated, hyperbolic, or joking, but not true threats. No statement at issue was a serious expression of intent to commit unlawful violence. FIU cannot convert protected speech into unprotected conduct merely by labeling it threatening.

## D. Plaintiffs' self-censorship is a present First Amendment injury.

Plaintiffs continue to self-censor because FIU punished speech in a private group chat and continues to enforce sanctions based on that speech. The Eleventh Circuit has recognized that chilled speech and self-censorship caused

6

by a credible threat of enforcement constitute a concrete First Amendment injury. *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1119–20 (11th Cir. 2022).

This injury is not theoretical. Plaintiffs have already been disciplined. Their appeals have already been denied. FIU's sanctions remain in effect. Plaintiffs reasonably fear that future speech, joking, or private communications may be mischaracterized and used against them. That is exactly the type of chilling effect the First Amendment forbids.

**E. Dariel Gonzalez is likely to succeed on his due process claim.**

Plaintiff Dariel Gonzalez is also likely to succeed on his due process claim. Public university students are entitled to due process before being deprived of protected educational interests through serious discipline. *Goss v. Lopez*, 419 U.S. 565, 574–75 (1975). Student disciplinary proceedings must provide fundamentally fair procedures and cannot rest on arbitrary or unsupported findings. See *Dixon v. Ala. State Bd. of Educ.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660–61 (11th Cir. 1987).

FIU found Gonzalez responsible for "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol." But FIU did not have competent evidence that Gonzalez actually controlled or operated any mode of transportation while impaired by alcohol. Instead, FIU relied primarily on alleged joking or hyperbolic statements in a private group chat and treated those statements as proof that the underlying conduct occurred.

That is not due process. A private joke is not competent evidence that a student actually operated a vehicle while impaired. FIU's finding was arbitrary,

7

unsupported by substantial evidence, and constitutionally insufficient to justify discipline.

## II. PLAINTIFFS WILL SUFFER IRREPARABLE HARM WITHOUT AN INJUNCTION.

Plaintiffs are suffering irreparable harm now. FIU's sanctions remain in effect. Plaintiffs face continuing academic disruption, reputational injury, transcript consequences, exclusion from University life, and self-censorship.

The First Amendment injury alone is irreparable. The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Eleventh Circuit likewise recognizes that ongoing burdens on speech support injunctive relief. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006).

Here, Plaintiffs are not asking the Court to intervene in an unfinished process. The process is complete. The appeals are denied. No Plaintiff intends to seek certiorari review in the Florida Third District Court of Appeal. The constitutional injury is happening now, and it will continue unless this Court intervenes.

### III. THE BALANCE OF HARMS FAVORS PLAINTIFFS.

The balance of harms strongly favors Plaintiffs. Without relief, Plaintiffs will continue to suffer constitutional injury, academic harm, reputational harm, and ongoing self-censorship.

By contrast, FIU has no legitimate interest in enforcing unconstitutional discipline. A public university suffers no cognizable harm from being ordered to comply with the Constitution. The requested injunction would not prevent FIU from maintaining campus safety or enforcing lawful rules. It would simply prevent FIU from continuing to punish Plaintiffs based on protected speech and unsupported disciplinary findings.

## IV. THE PUBLIC INTEREST FAVORS AN INJUNCTION.

The public interest favors protecting constitutional rights. Courts consistently recognize that the public has a strong interest in preventing violations of the First Amendment. *KH Outdoor*, 458 F.3d at 1272.

The public also has an interest in ensuring that public universities do not impose severe discipline based on arbitrary findings unsupported by competent evidence. FIU's disciplinary authority is not a license to punish disfavored speech or convert jokes into proof of actual misconduct.

## REQUESTED RELIEF

Plaintiffs respectfully request that this Court enter a preliminary injunction:

1. Enjoining Defendants and all persons acting in concert with them from enforcing disciplinary sanctions imposed against Plaintiffs based on the private, off-campus group-chat speech at issue in this case;

2. Requiring Defendants to permit Plaintiffs to remain enrolled and participate in classes, academic programs, and University activities pending further order of this Court;

3. Enjoining Defendants from placing, maintaining, or enforcing disciplinary transcript notations based on the challenged disciplinary decisions pending further order of this Court;

4. Enjoining Defendants from administratively withdrawing Plaintiffs from coursework or causing them to lose academic credit based on the challenged disciplinary decisions;

5. Enjoining Defendants from enforcing against Plaintiff Dariel Gonzalez the finding that he violated "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol" based on alleged joking or hyperbolic private group-chat speech;

6. Waiving bond or setting only a nominal bond because this case involves constitutional rights and Defendants will suffer no monetary harm from compliance with the Constitution; and

7. Granting such other relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Plaintiffs has conferred or attempted to confer with counsel for Defendants regarding the relief requested herein. Defendants oppose the requested relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Preliminary Injunction.

## CERTIFICATION OF TRUE EMERGENCY

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may result in sanctions.

Dated: June 25, 2026

Respectfully submitted,

/s/ Anthony F. Sabatini
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
Lead Counsel for Plaintiffs

/s/ Gavin B. Rollins
GAVIN B. ROLLINS, ESQ.
Florida Bar No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Avenue
Mount Dora, Florida 32757
Telephone: (352) 328-4892
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on 6.25.2026, I caused a true and correct copy of the foregoing to be filed via CM/ECF, which will serve all counsel of record.

/s/ Anthony F. Sabatini