**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21889-CIV-ALTONAGA/Reid**

**ABEL CARVAJAL**, *et al.*,

      Plaintiffs,

v.

**JEANETTE M. NUÑEZ**,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** comes before the Court *sua sponte*.  On July 9, 2026, Plaintiffs, Abel Carvajal, Dariel Gonzalez, Dante Mojena, Ethan Ratchkauskas filed a Motion for Preliminary Injunction [ECF No. 78], asking the Court to enjoin Defendant, Jeanette M. Nuñez from enforcing Florida International University's ("FIU['s]") disciplinary sanctions against Plaintiffs based on their off-campus speech.  (*See id.* 1–2).[1]  Defendant is sued under 42 U.S.C. section 1983 in her individual and official capacities for allegedly violating Plaintiffs' First Amendment rights and Plaintiff Gonzalez's Fifth Amendment procedural due process rights.  (*See generally* Second Am. Verified Compl. . . . ("SAC") [ECF No. 77] 9–13).  Defendant has now moved to dismiss Plaintiffs' SAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for relief under Rule 12(b)(6).  (*See generally* Mot. to Dismiss . . . ("Def.'s Mot.") [ECF No. 85]).

To be entitled to a preliminary injunction, Plaintiffs must show a substantial likelihood of success on the merits of their claims and a substantial threat of irreparable injury.  *See, e.g.*, *Palmer*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citation omitted).  Threshold questions that must be addressed and answered in exploring Plaintiffs' likelihood of succeeding on the merits of their claims and any claimed, irreparable injury include: whether FIU's administrative findings with respect to Plaintiffs' off-campus statements are entitled to preclusive effect; whether Plaintiffs have stated plausible First Amendment claims; whether Defendant is entitled to qualified immunity; and whether Plaintiff Gonzalez's procedural due process claim is barred under the Eleventh Amendment and section 1983.  (*See generally* Def.'s Mot.).  These are all issues raised in Defendant's Motion to Dismiss that must necessarily be resolved before any request for injunctive relief — requiring a showing of likelihood of success on the merits and irreparable harm — is entertained.

Accordingly, it is

**ORDERED** that Plaintiffs, Abel Carvajal, Dariel Gonzalez, Dante Mojena, Ethan Ratchkauskas's Motion for Preliminary Injunction **[ECF No. 78]** is **DENIED without prejudice**. Plaintiffs may renew their request for injunctive relief in the event the Court denies Defendant's Motion to Dismiss [ECF No. 85].

**DONE AND ORDERED** in Miami, Florida, this 31st day of July, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

2