**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CONSOLIDATED CASE NOS. 26-21889-CIV-ALTONAGA/Reid**
**26-22161-CIV-ALTONAGA/Reid**
**26-22053-CIV-ALTONAGA/Reid**
**26-22154-CIV-ALTONAGA/Reid**

ABEL CARVAJAL, *et al.*,

        Plaintiffs,

 v.

JEANETTE M. NUÑEZ, in her individual
and official capacity as President of Florida
International University,

        Defendant.

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED VERIFIED COMPLAINT**

Mohammad O. Jazil (FBN 72556)
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com

*Counsel for Defendant*
*Jeanette M. Nuñez in her*
*individual capacity*

Edward H. Trent (FBN 957186)
etrent@schaerr-jaffe.com
H. Christopher Bartolomucci (*pro hac vice*)
cbartolomucci@schaerr-jaffe.com
Justin A. Miller (*pro hac vice*)
jmiller@schaerr-jaffe.com
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060

*Counsel for Defendant Jeanette M. Nuñez*
*in her official capacity as President of*
*Florida International University*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

ARGUMENT .................................................................................................................... 1

    I.      Plaintiffs May Not Relitigate in This Court FIU's Administrative Factfinding. .......... 1

    II.     Counts I and II Fail Because Plaintiffs Misstate the First Amendment Standard for Regulating Student Speech.................................................................................. 3

    III.    Count II Against President Nuñez in Her Individual Capacity Fails. .......................... 6

    IV.    Plaintiffs Concede That Count III Fails as a Matter of Law. ...................................... 7

    V.     Plaintiffs Did Not Properly Request or Show Good Cause to Amend Their Complaint................................................................................................................. 9

CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011)........................................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................... 5, 6

*Boim v. Fulton Cnty. Sch. Dist.*,
  494 F.3d 978 (11th Cir. 2007) ........................................................................................ 5

*Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*,
  48 F.4th 1222 (11th Cir. 2022) ....................................................................................... 9

*Christmas v. Harris County*,
  51 F.4th 1348 (11th Cir. 2022)........................................................................................ 6

*Counterman v. Colorado*,
  600 U.S. 66 (2023)........................................................................................................... 4

*Crenshaw v. Lister*,
  556 F.3d 1283 (11th Cir. 2009) ...................................................................................... 5

*Damksy v. Summerlin*,
  No. 25-14171, 2026 WL 75122 (11th Cir. Jan. 8, 2026) ........................................... 4, 5

*Doe v. Emory Univ.*,
  110 F.4th 1254 (11th Cir. 2024) ..................................................................................... 9

*Doe v. Valencia College*,
  903 F.3d 1220 (11th Cir. 2018)................................................................................ 4, 8, 9

*Echols v. Lawton*,
  913 F.3d 1313 (11th Cir. 2019) ...................................................................................... 7

*Ex parte Young*,
  209 U.S. 123 (1908).......................................................................................................... 7

*Fla. Transp. Serv., Inc. v. Miami-Dade County*,
  757 F. Supp. 2d 1260 (S.D. Fla. 2010) ........................................................................... 2

*Healy v. James*,
  408 U.S. 169 (1972).................................................................................................... 3, 5

*Jimenez v. U.S. Att'y Gen.*,
  146 F.4th 972 (11th Cir. 2025) ..................................................................................... 10

*Johnson v. City of Atlanta*,
  107 F.4th 1292 (11th Cir. 2024) ..................................................................................... 5

*Lazarre v. JPMorgan Chase Bank, N.A.*,
   No. 10-23250-CIV-ALTONAGA/Simonton, 2011 WL 13213296
   (S.D. Fla. Aug. 26, 2011) ........................................................................................... 10

*Life Support Ambulances v. United Healthcare Ins. Co.*,
   No. 16-62495-CIV-ALTONAGA/O'Sullivan, 2017 WL 7796050
   (S.D. Fla. Jan. 9, 2017) ............................................................................................. 10

*M.C.G. v. Hillsborough Cnty. Sch. Bd.*,
   927 So.2d 224 (Fla. 2d DCA 2006) ............................................................................ 2

*Mahanoy Area Sch. Dist. v. B. L. ex rel. Levy*,
   594 U.S. 180 (2021) .................................................................................................... 4

*Morse v. Frederick*,
   551 U.S. 393 (2007) .................................................................................................... 5

*Naranjo Toloza v. Ruiz*,
   No. 24-22033-CIV-ALTONAGA/Reid, 2024 WL 5057556
   (S.D. Fla. Aug. 29, 2024) .......................................................................................... 10

*Newton v. Duke Energy Fla., LLC*,
   895 F.3d 1270 (11th Cir. 2018) .................................................................................. 9

*Patsy v. Bd. of Regents of State of Fla.*,
   457 U.S. 496 (1982) .................................................................................................... 2

*Riofrio Anda v. Ralston Purina, Co.*,
   959 F.2d 1149 (1st Cir. 1992) ................................................................................... 10

*Smith v. Sch. Bd. of Orange Cnty.*,
   487 F.3d 1361 (11th Cir. 2007) ................................................................................ 10

*Speech First, Inc v. Cartwright*,
   32 F.4th 1110 (11th Cir. 2022) ................................................................................... 6

*Tampa Bay Students for a Democratic Soc'y v. Univ. of S. Fla.*,
   --F. Supp. 3d--, 2026 WL 9799644 (M.D. Fla. Apr. 10, 2026) .................................. 6

*Tampa Bay Students for a Democratic Soc'y v. Univ. of S. Fla.*,
   No. 8:25-CV-02752-SDM-AAS, 2026 WL 76406 (M.D. Fla. Jan. 9, 2026) ................ 6

*Thompson v. City of Miami Beach*,
   990 F. Supp. 2d 1335 (S.D. Fla. 2014) ................................................................... 8, 9

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*,
   393 U.S. 503 (1969) ................................................................................................. 4, 5

*United States v. Utah Constr. & Mining Co.*,
   384 U.S. 394 (1966) ................................................................................................. 1, 2

*Univ. of Tenn. v. Elliott*,
   478 U.S. 788 (1986) ................................................................................................. 1, 2

iii

*Watts v. Fla. Int'l Univ.*,
  495 F.3d 1289 (11th Cir. 2007) ................................................................. 8

*Wiand v. ATC Brokers Ltd.*,
  96 F.4th 1303 (11th Cir. 2024) ................................................................. 9

*Widmar v. Vincent*,
  454 U.S. 263 (1981)................................................................................... 3

**Constitutional Provision**

U.S. Const. amend. XI ................................................................................... 8

**Statute**

42 U.S.C. § 1983............................................................................................ 1, 2

**Rules**

Fed. R. Civ. P. 4............................................................................................ 8

Fed. R. Civ. P. 7............................................................................................ 9

Fed. R. Civ. P. 12.......................................................................................... 6

Fed. R. Civ. P. 16.......................................................................................... 9, 10

11th Cir. R. 36-2............................................................................................ 4

Defendant, FIU President Jeanette M. Nuñez, submits this reply to Plaintiffs' Opposition (ECF 89) ("Opp.") in further support of her motion to dismiss (ECF 85) ("MTD").

## ARGUMENT

### I.     Plaintiffs May Not Relitigate in This Court FIU's Administrative Factfinding.

Plaintiffs misunderstand (*see* Opp. 2–3, 6) the preclusion doctrine of *University of Tennessee v. Elliott*, 478 U.S. 788 (1986). There, the University sought to discharge Elliott, an employee in its Agricultural Extension Service, for poor job performance and misconduct. Elliott requested a hearing to contest his proposed termination and also sued the University in federal court under 42 U.S.C. § 1983. Presiding at the hearing was an administrative assistant to the University's Vice President for Agriculture, who made a finding that the charges against Elliott were not racially motivated. Elliott did not seek review of that finding in the Tennessee state courts. *Id*. at 790–92.

When the case reached the Supreme Court, "[t]he question presented [was] whether this finding is entitled to preclusive effect in federal court, where respondent has raised discrimination claims under … 42 U.S.C. § 1983." *Id*. at 790. The Court held that "when a state agency 'acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Id*. at 799 (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)).

Applying that rule here, the facts found by FIU's Office of Student Conduct and Academic Integrity ("SCAI")—that the four Plaintiffs engaged in Endangerment, Personal Abuse, Assisting, and other Code violations—may not be relitigated in this case in this Court. *See* MTD 8–9. All three requirements for preclusion are met here. First, the SCAI Office acted "in a judicial capacity." *Univ. of Tenn.*, 478 U.S. at 799 (quoting *Utah Constr.*, 384 U.S. at 422). The Court explained in

*Utah Construction* that the administrative body in that case acted "in a judicial capacity" when it resolved factual disputes relevant to the issues before it after considering the parties' arguments. 384 U.S. at 422. The SCAI Office did the same here. The operative complaint describes FIU's process as "adjudication." ECF 77 ¶ 27. And that's what it was—an administrative adjudication.

Second, each Plaintiff had "an adequate opportunity to litigate." *Univ. of Tenn*., 478 U.S. at 799. The SCAI Office notified each Plaintiff of the charges against him under the Student Conduct and Honor Code and informed him of his procedural rights. *See, e.g.,* ECF 85-2 at 3 (listing those rights). Each Plaintiff had a hearing and was found responsible for one or more charges. Each Plaintiff exercised his right to an appeal. And each Plaintiff also had, but declined, a right to seek review in state court. ECF 77 ¶ 10.

Third, "[u]nder Florida law, the doctrine of collateral estoppel (i.e., issue preclusion) bars the re-litigation of any issue that has been decided in another action and was essential to the prior adjudication." *Fla. Transp. Serv., Inc. v. Miami-Dade County*, 757 F. Supp. 2d 1260, 1272 (S.D. Fla. 2010) (citing *M.C.G. v. Hillsborough Cnty. Sch. Bd*., 927 So.2d 224, 226 (Fla. 2d DCA 2006)), *aff'd,* 703 F.3d 1230 (11th Cir. 2012). "It applies to administrative proceedings, and the lack of appellate review will not prevent giving a prior finding preclusive effect." *Id*. (citing *M.C.G*., 927 So.2d at 226–27). Thus, state law bars re-litigation of FIU's administrative findings in this Court.

Citing *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496 (1982), Plaintiffs argue that they need not exhaust administrative remedies before suing under Section 1983. Opp. 2, 5. That's true, but beside the point. The relevant doctrine here is *preclusion*, not exhaustion. And the *University of Tennessee* preclusion doctrine applies to Section 1983 actions. *See* 478 U.S. at 790, 799; *id*. at 800 (Stevens, J., concurring and dissenting in part) ("[T]he Court concludes that the findings of the administrative assistant may bar respondent's claims under 42 U.S.C. § 1983[.]").

2

Defendant agrees the preclusion doctrine "does not eliminate federal jurisdiction," Opp. 2. It does not do that, but it does bar Plaintiffs from relitigating FIU's factfinding. Plaintiffs also make an irrelevant argument about the *Rooker-Feldman* doctrine (Opp. 5), which Defendant has not raised.

## II.     Counts I and II Fail Because Plaintiffs Misstate the First Amendment Standard for Regulating Student Speech.

Plaintiffs' Counts I and II should be dismissed under binding First Amendment precedent. Plaintiffs argue that their statements are protected because they were not true threats and did not cause a disruption. Those arguments fail.

The Supreme Court has long held that, in the university setting, "[a]ssociational activities need not be tolerated where they infringe reasonable campus rules, interrupt classes, or substantially interfere with the opportunity of other students to obtain an education." *Healy v. James*, 408 U.S. 169, 189 (1972); *accord Widmar v. Vincent*, 454 U.S. 263, 277 (1981). Here, FIU found Plaintiffs responsible for violating its Student Conduct and Honor Code. Gonzalez and Ratchkauskas were found responsible for both "Personal Abuse"—verbal or written abuse, threats, intimidation, and/or coercion that endangers the health, safety or well-being of others—and "Endangerment," threatening the health, safety, or welfare of others. Mojena was found responsible for "Personal Abuse." And Carvajal was found responsible for "Assisting," which includes aiding, promoting, and facilitating acts prohibited by the Code. As explained above, Plaintiffs may not relitigate here their responsibility for those violations.

The FIU Code provisions that Plaintiffs violated are "reasonable campus rules," *Healy*, 408 U.S. at 189; *Widmar*, 454 U.S. at 277, and the First Amendment allows a university to discipline students for such violations. Personal abuse, endangerment, and assisting are prohibited acts that "substantially interfere with the opportunity of other students to obtain an education." *Healy*, 408 U.S. at 189; *Widmar*, 454 U.S. at 277 (citing *Healy*); *see also* MTD 2–5. The First Amendment

3

does not shield students from university discipline for such acts.

Plaintiffs' view that FIU may not discipline them for violating the Code based on private, off-campus speech has no merit. Binding decisions reject the view that a school's authority to regulate student speech ends at the schoolhouse door, including *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969), and *Doe v. Valencia College*, 903 F.3d 1220, 1235 (11th Cir. 2018). *See* MTD 10–11.[1] And the Supreme Court confirmed in *Mahanoy* that a school's "regulatory interests remain significant in some off-campus circumstances," expressly including "threats aimed at teachers or other students" and severe harassment targeting particular individuals. *Mahanoy Area Sch. Dist. v. B. L. ex rel. Levy*, 594 U.S. 180, 188 (2021). The Court there held that the student's speech was protected because it did not target the school community. MTD 11 (citing *Mahanoy*, 594 U.S. at 191–93). Not so here. Plaintiffs' own multi-factor reading of *Mahanoy*, Opp. 11–12, thus cuts against them here.

Plaintiffs argue (Opp. 8–9) that FIU did not find that they made any "true threat," which is a term of art in First Amendment jurisprudence. *See Counterman v. Colorado*, 600 U.S. 66, 69 (2023). But FIU didn't have to find that Plaintiffs made true threats; a university is not limited to regulating true threats. True threats may be punished as crimes. Student speech may be regulated under *Tinker* and other cases even if it does not rise to the level of a criminal offense.

---

[1] *See Tinker*, 393 U.S. at 513 (permitting regulation of "conduct by the student, *in class or out of it*, which for any reason … materially disrupts classwork or involves substantial disorder or invasion of the rights of others" (emphasis added)); *Damsky v. Summerlin*, No. 25-14171, 2026 WL 75122, at *4 (11th Cir. Jan. 8, 2026) ("The fact that Damsky's speech occurred online instead of on campus does not mean that UF cannot regulate the speech[.]"). Plaintiffs dismiss *Damsky* as a non-binding unpublished opinion (Opp. 14), but they cannot deny that it is "persuasive authority." 11th Cir. R. 36-2. And the published, binding *Valencia College* decision cited in *Damsky* holds that "[t]here is no absolute bar against schools disciplining a student for off-campus conduct that violates the rights of another student. … *Tinker* does not foreclose a school from regulating all off-campus conduct." *Valencia College*, 903 F.3d at 1231.

Plaintiffs argue their complaint "alleges that the statements were crude, offensive, controversial, humorous, exaggerated, and hyperbolic, but not genuine threats. Those allegations must be accepted as true." Opp. 12 (citing ECF 77 ¶¶ 28, 35, 39–40). Not so. Those allegations—which are merely adjectives—are "conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). And the SCAI Office's findings, which show these allegations are untrue, may not be relitigated here. In the Eleventh Circuit, the law is that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (per curiam); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1301 (11th Cir. 2024) (same for documents incorporated by reference).

Plaintiffs argue that "a finding of 'Endangerment' under FIU's Code is not an adjudication of material and substantial disruption under *Tinker*." Opp. 9. True, but FIU may regulate not only disruption but also student "comments, whether oral or written, that reasonably could be perceived as a threat of school violence, whether general or specific[.]" *Boim v. Fulton Cnty. Sch. Dist.*, 494 F.3d 978, 984 (11th Cir. 2007). A university may also restrict student speech "reasonably viewed as *promoting* illegal activity." *Damsky*, 2026 WL 75122, at *4 (emphasis added) (citing *Morse v. Frederick*, 551 U.S. 393, 403 (2007)). And a university need not tolerate a student's "invasion of the rights of others," *Tinker*, 393 U.S. at 513, or "interfere[nce] with the opportunity of other students to obtain an education." *Healy*, 408 U.S. at 189.

The complaint recites no well-pled alleged facts that, if true, would show FIU engaged in impermissible viewpoint discrimination. In her public statement, President Nuñez stated that "[t]he administration and our Board of Trustees will not accept, tolerate, or condone any form of racism and antisemitism at FIU." ECF 85-23 at 4. But that expression of general principle in a public statement does not make plausible Plaintiffs' allegation that they were punished for their views as

5

opposed to their violations of the FIU Code.

Plaintiffs' citation (Opp. 15) of *Speech First, Inc v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022), does not help them for the reasons stated in the motion to dismiss. MTD 11–12.

### III.  Count II Against President Nuñez in Her Individual Capacity Fails.

Plaintiffs' claim against President Nuñez in her individual capacity should be dismissed for two reasons. *See* MTD 12–14. First, Plaintiffs have not plausibly alleged any personal participation by her in the disciplinary decisions at issue. The allegation that she "directed, authorized, approved or ratified" the discipline, Opp. 16 (citing ECF 77 ¶¶ 62, 66–67), consists of conclusory labels, not factual allegations. The single concrete fact Plaintiffs pleaded—a March 2026 public statement, ECF 77 ¶¶ 25–26; ECF 85-23—does not implicate her as being involved in any individual adjudication. The public statement falls far short of the "extremely rigorous" standard for Section 1983 supervisory liability. *See Christmas v. Harris County*, 51 F.4th 1348, 1355 (11th Cir. 2022). Plaintiffs do not even try to distinguish the recent decisions dismissing a claim based on similar allegations against the President of USF. *See Tampa Bay Students for a Democratic Soc'y v. Univ. of S. Fla.*, No. 8:25-CV-02752-SDM-AAS, 2026 WL 76406, at *10 (M.D. Fla. Jan. 9, 2026); and --F. Supp. 3d--, 2026 WL 979964, at *8 (M.D. Fla. Apr. 10, 2026), *appeal docketed*, No. 26-11625 (11th Cir. May 8, 2026).

Plaintiffs cannot cure their pleading deficiency by suggesting discovery might fill the gap. Opp. 16. Plaintiffs have failed to satisfy the Rule 12(b)(6) plausibility standard and cannot embark on a fishing expedition in hopes of finding something to plead. The Supreme Court has emphasized that Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Even assuming *arguendo* that President Nuñez was personally involved in the decisions at issue, Plaintiffs' individual-capacity claim against her should still be dismissed based on qualified

6

immunity. Qualified immunity is properly resolved at the pleading stage where, as here, the complaint fails to plead a clearly established violation. *See* MTD 13–14. Plaintiffs characterize the right at issue at the highest possible level of generality—that officials may not "knowingly punish protected speech because of its viewpoint." Opp. 16. But that is not how the clearly-established inquiry works. Circuit precedent on the student-speech doctrine is not clearly settled in Plaintiffs' favor. At best (for them) it is unsettled. *See* MTD 13–14. And unsettled doctrine equals qualified immunity. Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Echols v. Lawton*, 913 F.3d 1313, 1325 (11th Cir. 2019) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). In her public statement, President Nuñez noted that "[t]he potential and implicated Student Code of Conduct charges we are pursuing include harassment, engaging in threats, and interfering with the rights of others[.]" ECF 85-23 at 3. Disciplining Plaintiffs for such conduct prohibited by the Code does not violate any clearly established law. Plaintiffs do not cite any caselaw to the contrary. *See* Opp. 16–17. Count II should be dismissed with prejudice.

## IV.     Plaintiffs Concede That Count III Fails as a Matter of Law.

The Eleventh Amendment bars Count III, Gonzalez's claim against FIU. *See* MTD 14–15. Plaintiffs concede that "FIU, as an arm of the State, may invoke Eleventh Amendment immunity" here. Opp. 18. They also concede that *Ex parte Young*, 209 U.S. 123 (1908), applies only to suits against "a responsible state official," not to suits "against the state agency itself." Opp. 18. And they don't dispute that their suit against FIU isn't allowed by Section 1983. *See* MTD 14–15. Thus, Count III cannot proceed against FIU.[2]

---

[2] There is still another problem with Count III. While Count III states that it is asserted "Against Defendant Florida International University," ECF 77 at 11, *not* Defendant Nuñez, it is unclear whether FIU is a defendant in this case. FIU is not listed in the caption to Plaintiffs' complaint and

Instead of opposing Count III's dismissal, Plaintiffs seek leave to amend their complaint "to substitute the appropriate FIU official and clarify that the claim seeks" only prospective relief. Opp. 18. But amending Count III would be futile for two reasons: (1) Gonzalez failed to avail himself of the processes provided by state law, and (2) he received from FIU all the process that he was due. These problems cannot be cured by amendment. Substituting an FIU official and eschewing damages won't solve them. *See Thompson v. City of Miami Beach*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) (Altonaga, J.) (denying leave to amend on futility grounds).

First, Gonzalez declined an adequate state remedy—review in a Florida circuit court. His failure to use this review process precludes his procedural due process claim. *See* MTD 15–16. The Eleventh Circuit has held that when a Florida university student can seek "review as a matter of right through a state certiorari proceeding, … the State provides an adequate remedy" for an alleged procedural deprivation. *Valencia College*, 903 F.3d at 1235. Because Gonzalez "failed to take advantage of available state remedies, he cannot show that he was denied procedural due process." *Id*. at 1234. It is "[o]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation" that "a constitutional violation become[s] actionable." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007). Gonzalez's contention that the alcohol finding was "not supported by substantial evidence," ECF 77 ¶ 73, could have been reviewed in state court, yet he expressly declined that remedy, *id*. ¶ 10. Count III therefore fails as a matter of law.

Second, FIU gave Gonzalez all the process he was due. *See* MTD 16. School-discipline due process requires only that the institution give the student notice and a hearing before

---

has not been served with process. If FIU is not a defendant, Count III should of course be dismissed for that reason. If FIU is a defendant, Count III may be dismissed under Fed. R. Civ. P. 4(m). Although a Rule 4(m) dismissal ordinarily is without prejudice, Gonzalez's putative claim against FIU should be dismissed with prejudice because the Eleventh Amendment and Section 1983 plainly bar it.

suspension or expulsion. *Valencia College*, 903 F.3d at 1234. In addition to the state court review process that Gonzalez declined, FIU gave Gonzalez notice, an information session, access to his case file, an impartial hearing, and an appeal. *See* MTD 16; *id*. MTD Exs. 11–13 (ECF 85-11 through 85-13), Gonzalez's real grievance—that the alcohol finding was supposedly wrong on the evidence (ECF 77 ¶ 73)—is a *substantive* challenge, not a procedural deprivation. Due process guarantees *process*, not a particular outcome. For this reason, too, Count III is legally deficient. Amendment is futile.

**V.      Plaintiffs Did Not Properly Request or Show Good Cause to Amend Their Complaint.**

Plaintiffs' request for leave to file a third amended complaint also should be denied for two more reasons: First, the request was not properly made: Contrary to Fed. R. Civ. P. 7(b)(1), the request was not made by motion. Second, the deadline to amend has passed, and Plaintiffs have not shown good cause under Fed. R. Civ. P. 16(b)(4) to amend their complaint after the deadline.

"[A] plaintiff who wishes to amend his complaint must file a motion seeking leave to do so." *Doe v. Emory Univ*., 110 F.4th 1254, 1263 n.3 (11th Cir. 2024). Plaintiffs made no motion. "This is procedurally improper." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1236 (11th Cir. 2022). "[W]here," as here, "a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (quotation marks omitted). Thus, the request Plaintiffs made in their Opposition has "no legal effect." *Id*. *See also Wiand v. ATC Brokers Ltd*., 96 F.4th 1303, 1312 (11th Cir. 2024).

Even if the request were properly made, Plaintiffs missed the deadline to amend. Under the current scheduling order, the last day to amend pleadings or join parties was July 30. ECF 81 at 1. This is a problem for Plaintiffs. *See Thompson*, 990 F. Supp. 2d at 1343 (denying leave to amend in part because "the deadline for amending pleadings passed"); *Riofrio Anda v. Ralston Purina,*

*Co.*, 959 F.2d 1149, 1155 (1st Cir. 1992) ("The district court did not abuse its discretion by adhering to its scheduling order and refusing to allow plaintiffs to amend their complaint. Under the facts here, the allowance of an amendment would have nullified the purpose of rule 16(b)(1)."). Under Rule 16(b), "[a] plaintiff seeking leave to amend his complaint after the scheduling order deadline must demonstrate 'good cause' and receive the judge's consent." *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 1002 (11th Cir. 2025). But Plaintiffs' Opposition doesn't mention Rule 16(b), let alone explain why Plaintiffs meet that rule's good-faith standard. This is fatal to their request for leave to amend. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (per curiam) ("Smith's motion to amend his complaint … did not indicate with any specificity the good cause he had for untimely moving to amend[.]"); *Life Support Ambulances v. United Healthcare Ins. Co.*, No. 16-62495-CIV-ALTONAGA/O'Sullivan, 2017 WL 7796050, at *2 (S.D. Fla. Jan. 9, 2017) ("The Motion does not address Plaintiff's diligence or why good cause exists to allow the Second Amended Complaint after the deadline to amend the pleadings has passed. ... For this reason alone, Plaintiff fails to meet its burden and the Motion is denied." (citing Fed. R. Civ. P. 16(b)(4)); *Lazarre v. JPMorgan Chase Bank, N.A.*, No. 10-23250-CIV-ALTONAGA/ Simonton, 2011 WL 13213296, at *2 (S.D. Fla. Aug. 26, 2011) ("In his Motion, Plaintiff does not so much as mention Rule 16[.] … Plaintiff's failure to address the relevant standard is sufficient reason to deny the Motion."); *Naranjo Toloza v. Ruiz*, No. 24-22033-CIV-ALTONAGA/Reid, 2024 WL 5057556, at *2 (S.D. Fla. Aug. 29, 2024) ("Here, Plaintiff entirely fails to address Rule 16 or its good cause standard.").

## CONCLUSION

For the foregoing reasons, as well as those stated in Defendant's memorandum in support of her motion to dismiss, Plaintiffs' Second Amended Verified Complaint should be dismissed with prejudice.

Dated: August 7, 2026

Respectfully submitted,

*/s/ Edward H. Trent*
Edward H. Trent (FBN 957186)
etrent@schaerr-jaffe.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci (*pro hac vice*)
cbartolomucci@schaerr-jaffe.com
Justin A. Miller (*pro hac vice*)
jmiller@schaerr-jaffe.com
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060

*Counsel for Defendant Jeanette M. Nuñez*
*in her official capacity as President of*
*Florida International University*

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com

*Counsel for Defendant Jeanette M. Nuñez*
*in her individual capacity*

11