**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CONSOLIDATED CASE NOS. 26-21889-CIV-ALTONAGA/Reid**
**26-22161-CIV-ALTONAGA/Reid**
**26-22053-CIV-ALTONAGA/Reid**
**26-22154-CIV-ALTONAGA/Reid**

ABEL CARVAJAL, *et al*.,

Plaintiffs,

v.

JEANETTE M. NUÑEZ,

Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Jeanette M. Nuñez, in her official capacity as President of Florida International University ("FIU"), answers Plaintiffs' Second Amended Verified Complaint for Declaratory and Injunctive Relief and Damages Under 42 U.S.C. § 1983 [ECF No. 77] ("Complaint") as follows. By Order dated September 14, 2026, the Court dismissed Count II (First Amendment claim against Defendant in her individual capacity) and Count III (Fourteenth Amendment procedural due process claim). ECF No. 91 at 17–22. Defendant therefore answers the remaining claim, Count I, and the incorporated allegations. Except as expressly admitted below, Defendant denies each and every allegation of the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. The Complaint's section headings are not allegations of fact and require no response. To the extent any heading is deemed to contain a factual allegation, it is denied.

## INTRODUCTION

1. FIU filed student-conduct charges against several FIU students arising from an off-campus, private group chat that contained controversial speech. Plaintiffs allege that FIU, after publicly announcing that it "will not accept, tolerate, or condone any form of racism and antisemitism at FIU," initiated and pursued disciplinary proceedings against them because of the content and perceived viewpoint of speech in that private chat.

**ANSWER: Admitted that FIU filed student-conduct charges against Plaintiffs arising from group chats and that FIU publicly stated that it "will not accept, tolerate, or condone any form of racism and antisemitism at FIU." Defendant denies that FIU initiated or pursued disciplinary proceedings because of the content or perceived viewpoint of any protected speech. The charges were based on Plaintiffs' violations of Regulation FIU-2501: Student Conduct and Honor Code (the "Code"). Except as expressly admitted, the allegations of Paragraph 1 are denied.**

2. Plaintiff Abel Carvajal, a law student at FIU, was charged under FIU-2501 section 1.5.ii for "Assisting" based on allegations that he created and managed the group chat where others posted statements threatening to harm others.

**ANSWER: Admitted that Plaintiff Carvajal was charged and found responsible for violating that Code provision, which prohibits acts that aid, attempt, promote, conceal, or facilitate any conduct prohibited by the Code. Denied to the extent this paragraph differs from the relevant charge letter.**

3. Plaintiff Dariel Gonzalez, a student at FIU, was charged under FIU-2501 based on statements he allegedly posted in the group chat.

**ANSWER: Admitted that Plaintiff Gonzalez was charged and found responsible for**

**violating the Code. Denied to the extent this paragraph differs from the relevant charge letter. Defendant further states that Plaintiff Gonzalez was found responsible for four Code violations: "Personal Abuse," "Alcohol," "Endangerment," and "Drugs." Plaintiff Gonzalez was subsequently charged and found responsible for another violation of the Code based on his failure to comply with his previously-imposed suspension.**

4. Plaintiff Ethan Ratchkauskas, a student at FIU, was charged under FIU-2501 based on statements attributed to him in the group chat, including allegations construed by FIU as personal abuse, assisting, and endangerment.

**ANSWER: Admitted that Plaintiff Ratchkauskas was charged and found responsible for violating the Code. Denied to the extent this paragraph differs from the charge letter.**

5. Plaintiff Dante Mojena, a student at FIU, was charged under FIU-2501 for allegedly participating in the group chat and threatening to harm others.

**ANSWER: Admitted that Plaintiff Mojena was charged and found responsible for violating the Code. Denied to the extent this paragraph differs from the charge letter.**

6. The disciplinary charges and resulting sanctions are based solely on legally protected speech, and FIU's actions therefore constitute content- and viewpoint-based punishment of protected expression in violation of the First Amendment.

**ANSWER: Denied.**

7. This action is filed because FIU's disciplinary actions and sanctions chill Plaintiffs' speech. See Speech First, Inc. v. Cartwright, 32 F.4th 1110 (11th Cir. 2022).

**ANSWER: Denied.**

8. Since the filing of the Amended Complaint, all four Plaintiffs have completed FIU's internal disciplinary and appellate process. Plaintiffs Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante Mojena each filed an internal appeal of FIU's disciplinary decision, and FIU denied all four appeals.

**ANSWER: Admitted. Defendant further states that Plaintiff Gonzalez also appealed the July 2026 decision finding responsible for failing to comply with his suspension, and FIU denied that fifth appeal.**

9. The final remaining FIU appeal has now been denied. Accordingly, it is now official that all four Plaintiffs appealed FIU's disciplinary decisions and all four appeals were denied.

**ANSWER: Admitted that all five appeals have been denied; Plaintiff Gonzalez brought two appeals.**

10. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal. Instead, Plaintiffs will continue pursuing their federal constitutional claims in this Court.

**ANSWER: Admitted that none of the four Plaintiffs sought certiorari review in the Florida Third District Court of Appeal. Defendant lacks information sufficient to admit or deny the allegations concerning Plaintiffs' intentions, including the second sentence of this paragraph.**

11. FIU's internal disciplinary and appellate process is therefore complete as to all four Plaintiffs, and this matter is ripe for adjudication. Plaintiffs continue to suffer ongoing constitutional, academic, reputational, and First Amendment injuries as a result of FIU's disciplinary decisions and resulting sanctions.

**ANSWER: Admitted that FIU's internal disciplinary and appellate process is complete as to all four Plaintiffs. Otherwise, denied.**

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

**ANSWER: Admitted.**

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to these claims occurred within this District.

**ANSWER: Admitted.**

## PARTIES

14. Plaintiff Abel Carvajal is a law student at Florida International University residing in Miami-Dade County, Florida.

**ANSWER: Admitted except that Defendant lacks information sufficient to admit or deny the allegation concerning Plaintiff Carvajal's residence.**

15. Plaintiff Dariel Gonzalez is a student at Florida International University residing in Miami-Dade County, Florida.

**ANSWER: Admitted that Plaintiff Gonzalez was an FIU student until his expulsion. Defendant lacks information sufficient to admit or deny the allegation concerning Plaintiff Gonzalez's residence.**

16. Plaintiff Ethan Ratchkauskas is a student at Florida International University residing in Miami-Dade County, Florida.

**ANSWER: Admitted that Plaintiff Ratchkauskas was an FIU student until his expulsion. Defendant lacks information sufficient to admit or deny the allegation concerning Plaintiff Ratchkauskas' residence.**

17. Plaintiff Dante Mojena is a student at Florida International University residing in Miami-Dade County, Florida.

**ANSWER: Admitted except that Defendant lacks information sufficient to admit or deny the allegation concerning Plaintiff Mojena's residence.**

18. Defendant Jeanette M. Nuñez is the President of FIU and is sued in her official capacity for declaratory and injunctive relief.

**ANSWER: Admitted.**

19. Defendant Nuñez is also sued in her individual capacity for declaratory and injunctive relief, and damages, for directing staff to punish Plaintiffs in response to their alleged viewpoints expressed in the group chat.

**ANSWER: Admit that Plaintiffs sued Defendant in her individual capacity, but that claim was dismissed. *See* ECF No. 91 at 17–19, 22.**

20. FIU is a public university and an arm of the State of Florida operating in Miami-Dade County, Florida.

**ANSWER: Admitted.**

## FACTS

21. On March 31, 2026, this Court consolidated Case Numbers 26-21889-CIV, 2622161-CIV, 26-22053-CIV, and 26-22154-CIV for all purposes and directed Plaintiffs to file an amended consolidated complaint on or before April 3, 2026.

**ANSWER: Admitted. *See* ECF No. 25, entered on April 1, 2026.**

22. During the Fall 2025 semester, FIU received reports concerning a private group chat involving Plaintiffs and others, in which participants posted controversial and allegedly offensive political speech.

**ANSWER: Admitted that FIU received reports at that time. Denied as to the characterization of the speech.**

23. The alleged speech at issue occurred in a non-curricular, private group chat and was not part of any official University program or classroom instruction. It did not occur in a University forum or University-sponsored event.

**ANSWER: Admitted that the group chat was not directly sponsored by the University. Otherwise denied.**

24. FIU's Student Conduct and Honor Code, FIU-2501, provides that nothing in the regulation should be interpreted to abridge the rights of any member of the University community under the United States or Florida Constitution, including freedom of expression protected by the First Amendment.

**ANSWER: Admitted that the provision concerns constitutional rights. Denied to the extent inconsistent with that provision.**

25. On March 10, 2026, President Nuñez publicly announced that FIU had reviewed more than 1,200 pages of evidence concerning the private group chat and had initiated charges based on alleged violations of the University's non-discrimination regulation and Student Code of Conduct, including alleged harassment, engaging in threats, and interfering with the rights of others, with potential consequences up to suspension or expulsion.

**ANSWER: Admitted that Defendant issued a public statement on or about that date. Denied to the extent inconsistent with the text of that statement.**

26. The President's March 10, 2026 statement further declared that the FIU administration and Board of Trustees "will not accept, tolerate, or condone any form of racism and antisemitism at FIU."

**ANSWER: Admitted.**

27. Plaintiffs allege that the University's initiation, pursuit, adjudication, and enforcement of disciplinary charges and sanctions against them for off-campus, private speech reflects viewpoint discrimination and punishment of speech based on content, thereby chilling Plaintiffs' and other students' First Amendment rights.

**ANSWER: Denied.**

28. Plaintiffs face disciplinary sanctions, reputational injury, academic interruptions, and restrictions on participation in University life. Plaintiffs' speech has been chilled by the disciplinary process and resulting sanctions.

**ANSWER: Admitted that Plaintiffs have been subject to disciplinary sanctions. Otherwise denied.**

29. Although the group chat contained crude, offensive, and controversial remarks, Plaintiffs allege that the chat contained no illegal speech and no category of unprotected speech such as true threats, incitement, or fighting words.

**ANSWER: Denied.**

30. Plaintiff Carvajal received a charge letter dated March 11, 2026 alleging that, during Fall 2025, he "created and managed a group chat where individuals posted statements threatening to harm others" and charging him with FIU2501 section 1.5.ii, "Assisting - Any affirmative act which aids, attempts, promotes, conceals, or facilitates any act prohibited by this Code."

**ANSWER: Admitted that FIU issued Plaintiff Carvajal a charge letter on or about that date. Denied to the extent inconsistent with that letter.**

31. Carvajal's March 11, 2026 charge letter directed him to attend an Information Session on March 17, 2026 at 4:00 p.m. via Zoom and described his rights within the student-conduct process, including notice, a presumption of no violation, and a fair and impartial hearing.

**ANSWER: Admitted that FIU issued Plaintiff Carvajal a charge letter on or about that date. Denied to the extent inconsistent with that letter.**

32. Plaintiffs allege that FIU sought to punish Carvajal not for unprotected conduct, but for his alleged role as a monitor and participant in the private group chat. Plaintiffs further allege that monitoring the chat and receiving information within it is itself protected activity under the First Amendment.

**ANSWER: Denied.**

33. Plaintiff Gonzalez received a March 2026 charge letter alleging that, during Fall 2025, he posted in the group chat and directing him to attend an Information Session via Zoom.

**ANSWER: Admitted that FIU issued Plaintiff Gonzalez a charge letter in March 2026. Denied to the extent inconsistent with that letter. Defendant further states that FIU issued Plaintiff Gonzalez another charge letter in May 2026 relating to his failure to comply with his previously-imposed suspension.**

34. The statements Gonzalez alleges were cited as the basis of his disciplinary complaint include alleged offensive and controversial remarks concerning race, ethnicity, and religion. Plaintiffs allege those statements, while offensive, were not true threats, incitement, or fighting words.

**ANSWER: Denied. Defendant further states that Plaintiff Gonzalez was disciplined in May 2026 in part for alcohol-related and drug-related Code violations, and that he was disciplined again in July 2026 for violating the Code by failing to comply with his previously-imposed suspension.**

35. Plaintiff Ratchkauskas received a charge letter dated March 5, 2026 alleging that he was involved in the group chat and attributing to him, among other statements, remarks FIU construed as threats. These remarks were made in a humorous and hyperbolic context, and no student or participant understood them as literal statements; rather, they were recognized as exaggerated, over-the-top language intended in jest.

**ANSWER: Admitted that FIU issued Plaintiff Ratchkauskas a charge letter on or about that date. Denied to the extent inconsistent with that letter. Denied that his remarks were merely humorous, hyperbolic, exaggerated, or made in jest. Denied that no participant understood them as literal.**

36. Ratchkauskas was charged under FIU-2501 with Personal Abuse, Assisting, and Endangerment, and was directed to attend an Information Session on March 10, 2026. On March 24, 2026, FIU provided him with his case file and resolution options, including summary resolution, administrative hearing, and a Student Conduct Committee hearing.

**ANSWER: Admitted that Plaintiff Ratchkauskas was charged under that provision. Denied to the extent this paragraph differs from the relevant charge letter. Admitted that FIU provided the case file on or about that date.**

37. Mojena received a charge letter dated March 11, 2026 alleging that he participated in a group chat where he threatened to harm others and charging him under FIU-2501 section 5.xx.i, Personal Abuse.

**ANSWER: Admitted that Plaintiff Mojena was charged under that provision. Denied to the extent this paragraph differs from the relevant charge letter.**

38. Mojena's charge letter directed him to attend an Information Session on March 18, 2026 at 1:00 p.m. via Zoom. FIU also sent Mojena a March 10, 2026 Office of Civil Rights letter stating that he may have participated in or been a witness to behavior that could implicate FIU-106, the nondiscrimination, harassment, and retaliation regulation.

**ANSWER: Admitted that FIU sent Plaintiff Mojena a charge letter. Denied to the extent this paragraph differs from the relevant charge letter. Admitted that the Office of Civil Rights sent Plaintiff Mojena a letter dated March 10, 2026; the letter speaks for itself.**

39. Plaintiffs allege that none of the statements made by any participant in the group chat constituted true threats within the meaning of the First Amendment, and that FIU lacks a lawful basis to regulate Plaintiffs' off-campus, non-curricular expression in a private forum absent a recognized category of unprotected speech.

**ANSWER: Denied.**

40. Plaintiffs further allege that their speech did not cause a substantial disruption at FIU.

**ANSWER: Denied.**

41. Following FIU's disciplinary proceedings, FIU issued disciplinary decisions against all four Plaintiffs.

**ANSWER: Admitted.**

42. Each Plaintiff filed an internal appeal of FIU's disciplinary decision.

**ANSWER: Admitted.**

43. FIU denied the internal appeals of Abel Carvajal, Dariel Gonzalez, Ethan Ratchkauskas, and Dante Mojena.

**ANSWER: Admitted.**

44. The final appeal was denied on June 24, 2026.

**ANSWER: Admitted that Plaintiff Ratchkauskas's appeal was decided on June 24, 2026. Defendant further states that the last of the Plaintiffs' appeals—Plaintiff Gonzalez's appeal of the decision finding him responsible for failing to comply with his suspension—was denied on July 8, 2026.**

45. None of the four Plaintiffs intends to seek certiorari review in the Florida Third District Court of Appeal.

**ANSWER: Admitted that none of the four Plaintiffs sought certiorari review in the Florida Third District Court of Appeal. Defendant lacks information sufficient to admit or deny the allegation concerning Plaintiffs' intentions.**

46. Plaintiffs will instead continue pursuing their federal constitutional claims in this Court.

**ANSWER: Defendant lacks information sufficient to admit or deny this paragraph.**

47. FIU's internal disciplinary and appellate process is complete as to all four Plaintiffs.

**ANSWER: Admitted.**

48. Because all four internal appeals have been denied and Plaintiffs have elected not to seek discretionary certiorari review in Florida state court, Plaintiffs' claims are now ripe for adjudication in this Court.

**ANSWER: Admitted that all five appeals have been denied.**

49. Plaintiffs continue to suffer ongoing constitutional, academic, reputational, and First Amendment injuries as a result of FIU's completed disciplinary decisions and resulting sanctions.

**ANSWER: Denied.**

**COUNT I**
**Violation of the First Amendment 42 U.S.C. § 1983**
**Against Defendant Jeanette M. Nuñez in Her Official Capacity**

50. Plaintiffs reallege and incorporate paragraphs 1 through 49 as if fully set forth herein.

**ANSWER: Defendant repeats and incorporates her responses to Paragraphs 1 through 49 as if fully set forth herein.**

51. Defendant Nuñez, in her official capacity as President of FIU, acts under color of state law.

**ANSWER: Admitted that Defendant acts under color of state law when she acts in her official capacity.**

52. Plaintiffs engaged in speech protected by the First Amendment.

**ANSWER: Denied.**

53. Defendant, in her official capacity, has enforced and continues to enforce FIU disciplinary authority against Plaintiffs based on the content and viewpoint of their off-campus, private speech.

**ANSWER: Denied.**

54. The challenged enforcement and sanctions burden and chill protected expression in violation of the First Amendment. See Speech First, Inc. v. Cartwright, 32 F.4th 1110 (11th Cir. 2022).

**ANSWER: Denied.**

55. None of the statements at issue constitutes unprotected true threats. See Counterman v. Colorado, 600 U.S. 66, 72 (2023).

**ANSWER: This paragraph contains a legal conclusion to which no response is required, and the reference to "the statements at issue" is vague. To the extent a response is required, denied.**

56. Defendant Nuñez, in her official capacity, has a sufficient connection to the challenged disciplinary process and authority to implement prospective relief.

**ANSWER: Admit the statements. Denied that any basis exists for relief.**

57. Plaintiffs face an ongoing violation of their constitutional rights, including disciplinary sanctions, academic harm, reputational harm, and continued suppression and chilling of protected speech.

**ANSWER: Denied.**

58. Plaintiffs are entitled to declaratory and prospective injunctive relief against Defendant Nuñez in her official capacity.

**ANSWER: Denied.**

**COUNT II**
**Violation of the First Amendment 42 U.S.C. § 1983**
**Against Defendant Jeanette M. Nuñez in Her Individual Capacity**

59. Plaintiffs reallege and incorporate paragraphs 1 through 49 as if fully set forth herein.

**ANSWER: Defendant repeats and incorporates her responses to paragraphs 1 through 49 as if fully set forth herein.**

60. Defendant Nuñez, in her individual capacity, acted under color of state law.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

61. Plaintiffs engaged in speech protected by the First Amendment.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

62. Defendant Nuñez personally participated in, directed, authorized, ratified, or was causally connected to the decision to investigate, charge, adjudicate, sanction, and punish Plaintiffs based on the content and viewpoint of their speech.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

63. Defendant Nuñez's conduct caused the deprivation of Plaintiffs' clearly established First Amendment rights.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

64. At the time of Defendant Nuñez's actions, it was clearly established that state officials may not punish or retaliate against private citizens or students for protected speech based on viewpoint or protected expression.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

65. As a direct and proximate result of Defendant Nuñez's conduct, Plaintiffs suffered and continue to suffer constitutional injury, emotional distress, reputational harm, academic harm, and other damages.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

66. Defendant Nuñez went beyond the mere execution of her official duties and personally directed, approved, and took a personal interest in the investigation and disciplinary actions against Plaintiffs.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

67. Defendant Nuñez has issued multiple public statements and press releases regarding the incidents at issue and has been directly and personally involved in promoting and advancing policies aimed at suppressing the speech of Plaintiffs.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

68. Defendant Nuñez is liable to Plaintiffs for damages in her individual capacity under 42 U.S.C. § 1983.

**ANSWER: Count II was dismissed. *See* ECF No. 91 at 17–19, 22. To the extent a response is required, denied.**

## COUNT III
## Violation of Procedural Due Process 42 U.S.C. § 1983
## Against Defendant Florida International University
## On Behalf of Plaintiff Dariel Gonzalez Only

69. Plaintiff Dariel Gonzalez realleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

**ANSWER: Defendant repeats and incorporates her responses to paragraphs 1 through 49 as if fully set forth herein.**

70. Defendant Florida International University is a public university and state actor.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, admitted.**

71. Plaintiff Dariel Gonzalez possesses protected liberty and property interests in his continued education, academic standing, reputation, transcript, and ability to participate in University life free from arbitrary and unsupported discipline.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

72. As part of its disciplinary decision, FIU found Gonzalez responsible for "5.iv.xi. Alcohol – Control or operation of any mode of transportation while impaired by alcohol."

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, admitted.**

73. FIU's finding was not supported by substantial evidence. FIU did not possess competent evidence that Gonzalez actually controlled or operated any mode of transportation while impaired by alcohol.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

74. Instead, FIU relied primarily upon alleged statements made in a private off-campus group chat and treated those statements as proof that the underlying conduct occurred.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

75. A joking or hyperbolic statement made in a private group chat, without competent evidence that Gonzalez actually controlled or operated a mode of transportation while impaired by alcohol, cannot constitutionally support a disciplinary finding that he committed that offense.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

76. FIU's disciplinary finding was arbitrary, unsupported by substantial evidence, and deprived Gonzalez of due process of law.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

77. As a direct and proximate result of FIU's conduct, Gonzalez suffered and continues to suffer academic harm, reputational harm, transcript consequences, emotional distress, and other damages.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

78. FIU is liable to Plaintiff Dariel Gonzalez under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process.

**ANSWER: Count III was dismissed. *See* ECF No. 91 at 19–22. To the extent a response is required, denied.**

**DEFENDANT'S RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to the relief requested or to any relief. Defendant further states that Counts II and III were dismissed. ECF No. 91 at 17–22.

**DEFENDANT'S ADDITIONAL DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, or supplement these defenses as well as the right to assert additional affirmative or other defenses that discovery or further proceedings may reveal.

1. **Failure to State a Claim.** The Complaint, and Count I in particular, fails to state a claim upon which relief can be granted. The Complaint and Count I fail to state a violation of the First Amendment or any constitutional provision or 42 U.S.C. § 1983.

2. **Legitimate and Constitutional Exercise of University Disciplinary Authority.** Plaintiffs were disciplined for violations of FIU's Student Conduct and Honor Code—including Personal Abuse, Endangerment, and Assisting—and not for protected expression. A public university may discipline students for conduct that violates reasonable campus rules, threatens or endangers the health, safety, or well-being of others, invades the rights of others, or substantially interferes with the educational opportunities of other students, including with respect to off-campus conduct. A public university may discipline students for causing material and substantial disruption to the university's normal operations. A public university may also discipline students for promoting unlawful conduct. A public university may impose discipline for student speech reasonably regarded as threatening violence.

3. **No Content- or Viewpoint-Based Discrimination.** FIU's disciplinary decisions and sanctions were based on Plaintiffs' violations of neutral, generally applicable Code provisions and not on the content or viewpoint of any protected speech.

4. **Issue Preclusion.** Plaintiffs may not relitigate FIU's administrative factfinding that they committed violations of the Student Conduct and Honor Code, which findings are entitled to preclusive effect. Defendant preserves this defense for resolution on a fully developed factual record.

5. **Eleventh Amendment and Statutory Immunity.** To the extent Plaintiffs seek damages or other retrospective or monetary relief against Defendant in her official capacity, such claims are barred by the Eleventh Amendment, and a state official sued in her official capacity is not a "person" subject to suit for damages under 42 U.S.C. § 1983.

6. **No Entitlement to Equitable Relief.** Plaintiffs are not entitled to any declaratory or injunctive relief, whether preliminary or permanent, because they cannot establish an ongoing violation of federal law, irreparable harm, or the absence of an adequate remedy at law, and because the balance of equities and the public interest favor Defendant.

7. **Good Faith.** At all relevant times, Defendant and FIU acted in good faith and in conformity with the United States Constitution and applicable law.

8. **No Damages.** The Complaint fails to allege facts showing that any of the Plaintiffs have any compensable damages. Plaintiffs have failed to mitigate damages.

9. **Fees and Costs.** Plaintiffs are neither eligible nor entitled to any attorney's fees or costs under 42 U.S.C. § 1988 or any other fee-shifting provisions or principle.

10. **Defenses to Claims of Plaintiff Dariel Gonzalez.** Plaintiff Gonzalez was disciplined for Code violations based on conduct unrelated to his First Amendment argument, including drug and alcohol violations and for failing to comply with his suspension, and therefore he could not be reinstated as a student at FIU even if he had a meritorious First Amendment argument, which he does not. Plaintiff Gonzalez fails to state a claim for relief under the Due Process Clause, his due process claim has been dismissed by the Court, and that claim is barred by his failure to exhaust and waiver of available state remedies.

**DEFENDANT'S RESPONSE TO JURY DEMAND**

Plaintiffs withdrew their request for a jury trial at the status conference held on September 25, 2026. Plaintiffs' only remaining claims are for equitable relief. The trial set for October 2026 will be a non-jury trial, *see* ECF No. 104 (Order Providing Instructions for Bench Trial), and Plaintiffs agreed to such a trial.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Edward H. Trent*
Edward H. Trent (FBN 957186)
etrent@schaerr-jaffe.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci (*pro hac vice*)
Justin A. Miller (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
cbartolomucci@schaerr-jaffe.com
jmiller@schaerr-jaffe.com

*Counsel for Defendant Jeanette M. Nuñez*